### PEOPLE v. RUSSO.

(Supreme Court, Appellate Division, First Department. June 5, 1908.)

CRIMINAL LAW—TESTIMONY AND DECLARATIONS OF ALLEGED ACCOMPLICE—
EFFECT.
    Evidence having been given sufficient to show that F. was a co-conspirator with accused and others, declarations of F. were admitted over accused's objection. Subsequently F., as a witness for the state, denied that he was an accomplice, and claimed that he, too, was an innocent victim of the conspiracy. There was no motion to strike out the testimony as to F.'s declaration after he testified that he was not an accomplice, and the jury were instructed that accused could not be convicted on the evidence of accomplices alone, and that one accomplice could not corroborate another, but they were told that, if they believed F.'s story, there was then sufficient corroboration of the accomplices to convict. *Held*, that there was no error, and a conviction should be sustained.

Appeal from Court of General Sessions, New York County.

Joseph Russo was convicted of robbery in the first degree, and he appeals. Affirmed.

Argued before INGRAHAM, LAUGHLIN, CLARKE, HOUGHTON, and SCOTT, JJ.

Louis Spiegel, for appellant.

William T. Jerome, Dist. Atty., and Robert C. Taylor, Asst. Dist. Atty., for the People.

HOUGHTON, J. The defendant was indicted jointly with one Leonardo and one Foy for robbery in the first degree, in having, by the aid of an accomplice actually present, stolen from the person of one Cleary. The complainant, Cleary, testified that he and his party, of whom Foy was one, were drinking in a saloon, when they were joined by a woman by the name of Ashton. Having gone from one saloon to another, the woman suggested that he and his party go to her room, which they did, and almost immediately upon their arrival three men burst in and upbraided and assaulted and robbed him. He identified Leonardo as one of these men, but failed to identify this defendant. Foy was charged with the crime on the theory that he conspired to lure the complainant to the scene of the robbery, and Leonardo and the woman Ashton testified to facts proving him to be an accomplice. Testimony had been given that it had been suggested to the woman that she take the complainant to some dark street so that he might be robbed, and she was permitted to testify, against the defendant's objection, that it was a declaration not made in his presence or hearing; that Foy whispered to her to take the complainant to her room instead. Foy was called as a witness by the people, and he denied that he told the woman to take the complainant to her room, and repudiated all participation in any conspiracy to rob, and testified that, instead of being a robber or accomplice, he was one of the victims of the defendant and Leonardo, and was himself assaulted by them in furtherance of their robbery of the complainant.

The court charged the jury that the defendant could not be convicted on the evidence of the accomplices alone, and that one accomplice could not corroborate another, but told them that as Foy had testified that he was not an accomplice, but one of the victims, of the robbery in which defendant participated, if they believed his story, there was then sufficient corroboration of the accomplices Leonardo and Ashton upon which they could find the defendant guilty. The defendant complains that he was either improperly convicted on the evidence of accomplices alone, or that, if Foy was not in fact an accomplice, the admission of his declaration to the woman Ashton was improperly received in evidence.

There was evidence by Cleary that in the first saloon in which he and his party were drinking Leonardo and the defendant sat at a nearby table, drinking and conversing. The attention of the jury was not called to the fact that this evidence might be taken by them as corroboration of the story of the alleged accomplices, if Foy was in fact an accomplice, and it is doubtful if, standing alone, it would have been sufficient for that purpose. On the assumption that it

was not, still we think the conviction of defendant must be affirmed. Foy had been proved to be an accomplice at the time his declaration to the woman Ashton, a co-conspirator, was admitted in evidence, and the court properly overruled defendant's objection. When Foy, called by the people as a supposed accomplice, had testified that he was not an accomplice, but a good citizen, who chanced to witness an outrageous crime, the defendant made no motion to strike out the evidence theretofore properly received on the proven fact that he was a co-conspirator, nor did he make any·request that the court instruct the jury that, if they found as a fact that Foy was not an accomplice, they must disregard his declaration made to the woman Ashton. Of course, if Foy was not a co-conspirator, his declaration was improper evidence. If he was a co-conspirator, the declaration was properly admitted, and the jury were, in effect, properly instructed that, if they found him to be an accomplice, then they should find a verdict of acquittal, because, in that event, there would be no corroboration of the stories of the various accomplices.

It is expressly held in People v. Zucker, 20 App. Div. 363, 46 N. Y. Supp. 766, affirmed on prevailing opinion below, 154 N. Y. 770, 49 N. E. 1102, that it is permissible for·a jury to pass upon the questions whether a witness is an accomplice or not, and that, if they find him not to be, then to treat his evidence as outside evidence corroborating the testimony of accomplices. It is quite easy to foresee considerable embarrassment to one charged with crime from the application of this rule. The people may make a case full of declarations of proven co-conspirators made in the absence of the defendant, and one or more of the persons alleged to have made the declaration may repudiate them, and testify to lack of participation in the crime, and the jury may find it to be true and treat their testimony as outside corroborative evidence where there would be no such evidence if the jury could not so determine. The declarations would be properly admitted in the first instance, and be before the jury, notwithstanding the fact that they might be instructed not to consider them if they should find the repudiation of the alleged co-conspirators to be true. However, the rule seems to be one of necessity, and it can hardly be said that the people are·or should be bound conclusively by their allegation and claim that one is an accomplice or co-conspirator when he testifies that he is not, and testifies to facts showing that another committed the crime.

Our conclusion leads us to an affirmance of the conviction. All concur.